JS 44 (Rev. 06/17)

# **WB** CIVIL COVER SHEET

2:18 - 1249

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SALIMA CUNNINGHAM | ACCENUTURE    **18   1249** |

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   COOK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

REGINALD ALLEN, ESQUIRE, 7601 CRITTENDEN STREET, F12 PHILADELPHIA, PA 19118

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.SC. SECTION 1983

Brief description of cause:
EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
151,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  3/26/2018

SIGNATURE OF ATTORNEY OF RECORD   *Reginald Allen*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          MAR 26 2018          MAG. JUDGE

WB

**UNITED STATES DISTRICT COURT**                    18        1249

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _5106 Parkside Avenue, Fl. 1, Phila, PA 19131_

Address of Defendant: _161 North Clark Street, Chicago, ILL 60601_

Place of Accident, Incident or Transaction: _Chicago ILL + King of Prussia, PA._
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes☐    No☑

Does this case involve multidistrict litigation possibilities?                    Yes☐    No☑
*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                              Yes☐    No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                              Yes☐    No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                              Yes☐    No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                              Yes☐    No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) _Employment Discrimination_

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
    (Please specify) _Employment Discrimination_

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _Reginald Allen, Esq._, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3/26/2018_        _Reginald Allen_        _77083_
                        Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/26/2018_        _Reginald Allen_        _77083_
                        Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

MAR 26 2018



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Salima Cunningham

v.

Accenture, et. al.

CIVIL ACTION

**18      1249**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✗)

_3/26/2018_          _Reginald Allen_          _Salima Cunningham_
**Date**          **Attorney-at-law**          **Attorney for**

_(215) 242-3875  (267) 323-7037_          _reginald.allen080@comcast.net_

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

MAR 26 2018





IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALIMA CUNNINGHAM | : CIVIL ACTION NO. |
| 5106  PARKSIDE AVENUE, FLOOR 1 | : |
| PHILADELPHIA, PA  19131 | : |
| PLAINTIFF, | : **18     1249** |
| V. | : JURY TRIAL DEMANDED |
| | : |
| ACCENTURE LLP | : |
| 161 NORTH CLARK STREET | : |
| CHICAGO, IL  60601 | : |
| AND | : |
| PROCURIAN | : |
| 1001 STATE STREET, SUITE 1440 | : |
| ERIE, PA 16501 | : |
| DEFENDANTS. | : |

## COMPLAINT IN CIVIL ACTION

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. S 1981.  Jurisdiction is based on

    28 U.S.C S 1331 AND 1343.  Jurisdiction is also based on diversity on

    citizenship pursuant to 28 U.S.C. s 1332; damages recoverable exceed the

    sum of $75, 000.00 (seventy five thousand dollars and zero cents), exclusive

    of interest and costs.

### PARTIES

2.  Plaintiff is an adult citizen and resident of Philadelphia, PA, who has an address as indicated in the caption above.

3.  Defendant Accenture is a business entity, located in Illinois and has an address as indicated in the caption above; defendant also has locations around the county, including in King of Prussia, PA, and it does substantial business in the Commonwealth of Pennsylvania.

4.  Defendant, Procurian is a business entity, which has or had one of its business addresses as indicated in the caption above; defendant had locations around the county, including in King of Prussia, PA and it did substantial business in the Commonwealth of Pennsylvania, at times relevant to this complaint.

## FACTUAL ALLEGATIONS

5.  Plaintiff is African-American, Black.

6.  Plaintiff became employed with defendant "Procurian in December 2013 – defendant; reportedly, Accenture purchased defendant Procurian as of around March 1, 2014; plaintiff's position was "procurement representative".

2

7. Plaintiff performed her abilities in no less than a satisfactory manner at all times relevant to her claims in this complaint, and she was qualified for her position.

8. Plaintiff worked at defendants' location in King of Prussia, PA.

9. From around the beginning of plaintiff's employment until it was abruptly terminated on/around April 4, 2014, plaintiff was subjected to differential treatment and worse treatment than her similarly situated Caucasian peers, and other employees who were not in her protected classes, including but not limited to the following conduct:

a. False criticisms of her work by defendants' managers and supervisors, and unwarranted false negative appraisals of her performance;

b. Intentional denial of necessary training to perform all aspects of her job;

c. Not being given comparable "hands on" training that her similarly situated personnel received, based on her race – subtle ostracizing;

d. Not being allowed benefits and perks such as being allowed to work from home during snow storms and being required to use her leave on such occasions when she was physically incapable of making it to work due to the weather;

3

e. Not being allowed to borrow an office computer to work from home;

f. Being subjected to unwarranted hostility in the form of profanity from her supervisor/manager, including the "F" word, while similarly situated Caucasian personnel enjoyed a warm and friendly relationship with the same supervisor/manager;

g.  Being ridiculed and chastised about her race, and being referred to as if she was a rapper based on her race, by her supervisor/manager, who referred to her, as "Salima C";

h. Being falsely accused of not dressing appropriately and professionally;

i.  Not being given proper credit for exceeding her quotas;

j.  Being treated inappropriately by her supervisor based on negative stereotyping for African-American and Black women, with inappropriate remarks and leering pertaining to her body shape;

k.  Being fired for alleged low productivity, when some of her similarly situated Caucasian peers or other peers not in her protected class, where not fired, but who were less productive than she was;

l.  One of plaintiff's Caucasian co-workers mocked African-Americans and Blacks by appearing on the internet in "Black face", acting in a derogatory

4

manner and as negative stereotype of African-Americans and Blacks,

displaying what appear to be mock gang signs, making reference to looking

like "Will Smith", and questioning about being kissed by a "white woman" –

upon information and belief, this posting was shared throughout the

workplace and defendants' management is aware of it, and took no

corrective action.

10. Plaintiff was fired on a false basis, and because she is African-American and

Black.

11. As a result of defendants' conduct described above, plaintiff suffered

economic loss and she also suffered severe emotional distress.

FIRST CAUSE OF ACTION –DISCRIMINATION BASED ON RACE IN VIOLATION

OF 42 U.S.C SECTION 1981 AS TO ALL DEFENDANTS

12. Plaintiff incorporates paragraphs 1-11 above as though fully set forth

herein.

13. Plaintiff was harassed and eventually terminated from her employment

based on her race.

WHEREFORE, plaintiff respectfully requests judgment in her favor against

defendants, jointly and severally and she requests the following relief:

5

   a.  Back pay;

   b.  Front pay;

   c.  Compensatory damages;

   d.  Punitive damages;

   e.  Reasonable Attorney's Fees and Costs;

   f.  Any Other Relief the Court Deems Appropriate.

SECOND CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT BASED ON RACE IN

VIOLATION OF 42 U.S.C. SECTION 1981 AS TO ALL DEFENDANTS

14.  Plaintiff incorporates paragraphs 1-13 above as though fully set forth

above.

15.  Defendants' conduct described above, particularly in paragraph 9,

occurred on an ongoing daily basis, including evidenced racial hostility.

16.  Plaintiff's terms and conditions of employment were negatively affected

by defendants' conduct and treatment, and plaintiff suffered extreme

emotional distress from such conduct, which a reasonable person in

plaintiff's shoes would also have been severely negatively impacted by.

17.  Some of the conduct, including degrading conduct, was done by

defendants' managerial employees, and other of it was endorsed and

6

condoned by their management.

WHEREFORE, plaintiff requests judgment in her judgment in her favor jointly and severally and she requests the following relief:

   a. Compensatory damages;

   b. Punitive damages;

   c. Reasonable Attorney's Fees and Costs;

   d. Any Other Relief the Court Deems Appropriate.

Respectfully submitted,

Reginald Allen, Esquire

7